654 So.2d 998 (1995)
TAMPA ELECTRIC COMPANY, Appellant,
v.
FLORIDA DEPARTMENT OF COMMUNITY AFFAIRS, Polk County and Gapway Groves, Inc., Appellees.
No. 94-747.
District Court of Appeal of Florida, First District.
May 9, 1995.
*999 Thomas G. Pelham of Apgar, Pelham, Pfeiffer & Theriaque, Tallahassee, and James L. Estes, Jr. of TECO Energy, Inc., Tampa, for appellant.
Terrell K. Arline of Dept. of Community Affairs, Tallahassee, for appellee Dept. of Community Affairs.
Mark F. Carpanini and Palmer C. Davis of Office of County Atty., Bartow, for appellee Polk County.
Kenneth G. Oertel and Timothy P. Atkinson of Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for appellee Gapway Groves, Inc.
Jean G. Howard of Florida Power & Light Co., Ron A. Adams of Steel, Hector & Davis, Miami, Robert M. Rhodes, Cathy M. Sellers and Victoria L. Weber of Steel, Hector & Davis, Tallahassee, for amicus curiae Florida Power & Light Co.
ALLEN, Judge.
The appellant challenges the validity of a declaratory statement issued by the Department of Community Affairs (the department). We conclude that the declaratory statement exceeds the scope of authority granted to agencies by section 120.565, Florida Statutes, and we therefore set aside the declaratory statement.
Section 120.565, Florida Statutes, provides in pertinent part:
A declaratory statement shall set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances.
We have interpreted this language as limiting an agency's power to issue broad statements of policy in the guise of a declaratory statement: "[A]n administrative agency may not use a declaratory statement as a vehicle for the adoption of a broad agency policy or to provide statutory or rule interpretations that apply to an entire class of persons." Regal Kitchens, Inc. v. Florida Dept. of Revenue, 641 So.2d 158, 162 (Fla. 1st DCA 1994). In Florida Optometric Association v. Department of Professional Regulation, 567 So.2d 928, 937 (Fla. 1st DCA 1990), we said:
When an agency is called upon to issue a declaratory statement in response to a question which is not limited to specific facts and a specific petitioner, and which would require a response of such a general and consistent nature as to meet the definition of a rule, the agency should either decline to issue the statement or comply with the provisions of Section 120.54 governing rulemaking.
In the declaratory statement involved here, the department framed the inquiry broadly: "Although the amended petition seeks declaration on several questions, the main issue is whether or not local governments may control the up-sizing of electric power lines through comprehensive plans and land use regulations." And the department then responded with an equally broad answer: "Local governments have the power to regulate the use of land  including the use of land for power lines  under their constitutional home rule powers and various statutes which empower local governments, or confirm existing powers, including [the Growth Management Act.]" This language sets forth a general policy of far-reaching applicability. Clearly, the declaratory statement would apply to all local governments seeking to regulate any utility's construction of power lines. Thus, rather than being confined to the "petitioner in his particular set of circumstances," the declaratory statement in this case sets forth "broad agency policy ... that appl[ies] to an entire class of persons." We therefore conclude that it is impermissibly broad.
The declaratory statement is set aside.
KAHN and DAVIS, JJ., concur.