697 So.2d 1231 (1997)
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
Charles W. WINGO, M.D. and Tallahassee Orthopedic Clinic, P.A., Appellees.
No. 95-1971.
District Court of Appeal of Florida, First District.
June 27, 1997.
Rehearing Denied August 15, 1997.
*1232 Lisa S. Nelson, Deputy General Counsel, and Kathryn L. Kasprzak, Senior Attorney, Tallahassee, for Agency for Health Care Administration, for Appellant.
Thomas W. Lager, Tallahassee, for Appellees.
PER CURIAM.
The Agency for Health Care Administration (AHCA) challenges an order of the Board of Medicine (Board) on a petition for declaratory statement regarding interpretation of the Patient Self-Referral Act. Because the Board's interpretation of the statute is clearly erroneous, we set aside the final order.
Notwithstanding opposition from AHCA, the Tallahassee Orthopedic Clinic, a group practice, and one of its physicians (together referred to hereinafter as TOC) sought and obtained a declaratory statement from the Board of Medicine (Board) that the use of TOC's recently purchased magnetic resonance imaging (MRI) system for the patients of its group practice, and at the same time for the patients of physicians outside the group practice who have no investment interest in TOC, is not prohibited under section 455.236, Florida Statutes. The statute seeks to avoid potential conflicts of interest with respect to referral of patients for health care services, while recognizing that it may be appropriate for health care providers to own entities providing health care services and to refer patients to those entities. Section 455.236(3)(c) defines "designated health services" to include diagnostic-imaging services like MRI. Section 455.236(4)(a) prohibits "referral" of a patient for provision of "designated health services" to an entity in which the referring health care provider has an investment interest. Section 455.236(3)(f) defines "group practice" and section 455.236(3)(k)3.f. defines "referral" as not including an order, recommendation, or plan of care "[b]y a ... member of a group practice for designated health services ... that are prescribed or provided solely for such... group practice's own patients, and that are provided or performed by or under the direct supervision of such ... group practice" (emphasis supplied).
*1233 There is no dispute that TOC meets the statutory definition of "group practice" and that it would also meet the requirements "exempting" its provision of MRI services to its own patients from the definition of "referral" and therefore from the prohibition of section 455.236(4)(a), so long as it does not provide MRI services to patients referred from physicians outside the group practice. There is no dispute that none of the physicians outside the group practice who would potentially refer patients to TOC for MRI services has any investment interest in TOC. The only issue is whether, by providing MRI services to patients referred by physicians outside the group practice, TOC would forfeit the exemption of its provision of MRI services to its own patients from the definition of "referral."
Reading the various provisions of section 455.236 in pari materia, as we are bound to do by the rules of statutory construction, it is clear that the legislature intended the "exemption" of section 455.236(3)(k)3.f. to be a very narrow one, restricted to situations in which the health care service at issue is provided solely for the referring entity's own patients. There is no ambiguity in the language of the statute, and no evidence of a clear legislative intent contrary to that language. Consideration of the wisdom of the statutory scheme set out by the legislature is not the proper function of this court or of the Board of Medicine. We find the Board's interpretation of section 455.236 in this case is clearly erroneous.
AHCA argues that in addition to being erroneous, the Board's interpretation of the statute must also be set aside because it is an impermissibly broad declaratory statement that applies to all similarly situated group practices in Florida and is therefore a statement of general agency policy more appropriate to rulemaking, citing Tampa Electric Company v. Florida Department of Community Affairs, 654 So.2d 998 (Fla. 1st DCA 1995); Regal Kitchens, Inc. v. Florida Department of Revenue, 641 So.2d 158 (Fla. 1st DCA 1994); and Florida Optometric Association v. Department of Professional Regulation, Board of Opticianry, 567 So.2d 928 (Fla. 1st DCA 1990). While this argument may have merit, we find it unnecessary to decide the issue presented, because the Board's declaratory statement must be set aside on the merits. However, as we observed in Florida Optometric Association, when an agency is called upon to issue a declaratory statement "which would require a response of such a general and consistent nature as to meet the definition of a rule, the agency should either decline to issue the statement or comply with the provisions of Section 120.54 governing rulemaking" (emphasis in the original).
For the foregoing reasons the declaratory statement appealed is hereby vacated and set aside.
ERVIN and DAVIS, JJ., and SMITH, LARRY G., Senior Judge, concur.